No. 4352.

SUCCESSION OF HENRY J. FORSTALL, on Opposition of Oscar Forstall to Application of Widow Forstall for Letters of Tutorship.

Nothing is to be found in the statutes of this State relative to adoption, which, being construed with the various articles of the Civil Code on the subject of tutorship, inclines this court to believe that the Legislature, in permitting the adoption of children, had any intention to abridge the right of a natural tutor to the personal care and control of his minor child or to the administration of the child's property.

APPEAL from the Second District Court, parish of Orleans. _Duvigneaud_, J. _O. T. Bemiss & Berault_, for Oscar Forstall, opponent and appellant. _Saucier & Michinard_, for Widow Forstall, appellee.

TALIAFERRO, J. Henry J. Forstall died in August, 1862, leaving: one child, issue of his marriage with Mathilde Ranche, who in this suit

Succession of Forstall.

petitions to qualify as natural tutrix of that child, Marie Emma For-stall; that an undertutor be appointed, and an inventory be taken of the property of the estate of her deceased husband.

She is opposed in these proceedings by Oscar Forstall, a brother of the deceased, on the ground that in compliance with all the require-ments of law in such cases, and with the full consent of Mrs. Mathilde Forstall, widow of his deceased brother and mother of his surviving child, the said Marie Emma, he did by notarial act on the twenty-fourth of March, 1866, and in pursuance of a decree of the Fourth Dis-trict Court of New Orleans, rendered on the tenth of March, 1866, adopt the said child Emma as his own. He prays to be recognized and confirmed as the adopted father of the child and entitled to the administration of her property, and that the application of Mrs. Forstall to qualify as natural tutrix of the minor be rejected.

The opposition was overruled, and an order rendered for the making of an inventory as prayed for by Mrs. Forstall, and she was recognized as natural tutrix of her minor child and allowed to qualify as such.

From this judgment the opponent has appealed.

We find nothing in the statutes of this State relative to adoption, constiued with the various articles of the Civil Code on the subject of tutorship that inclines us to believe that the Legislature, in permitting the adoption of children, had any intention to abridge the right of a natural tutor to the personal care and control of his minor child, or to the administration of the child's property.

The judgment appealed from we think was correctly rendered, and it is therefore ordered that it be affirmed with costs.